**Robert J. WAYNE, Plaintiff
and Appellee,**

v.

**C. C. BRAUN, Claire Ihringer, and L.
Ray Frye, Defendants and Appellants.**

**Civ. No. 9700.**

Supreme Court of North Dakota.

April 21, 1980.

Rehearing Denied May 15, 1980.

Zuger & Bucklin, Bismarck, for plaintiff
and appellee; argued by Robert V. Bol-
inske, Bismarck.

Mills & Moore, Bismarck, for defendants
and appellants; argued by William R. Mills,
Bismarck.

PAULSON, Justice.

This is an appeal by the defendants, C. C.
Braun, Claire Ihringer, and L. Ray Frye
[the "appellants"], from the judgment of
the district court of Burleigh County, en-
tered April 30, 1979, wherein the plaintiff,
Robert J. Wayne, was awarded $190,130.64
plus costs and disbursements against the
appellants. We affirm.

Wayne commenced an action, on
February 10, 1979, for payment on two
promissory notes executed by the appellants
to Wayne as payee. The first note, dated
September 15, 1976, for the sum of $25,000,
was due and payable one year from its date
with interest at 9½ percent. The second
note, dated November 15, 1976, for the sum
of $125,000, was due and payable in three
annual installments with interest at 9½ per-
cent. The appellants admit execution of
the two notes and that no payments on the
notes were made by them. However, the
appellants contend that they are liable only

as guarantors and that they are exonerated from such liability because Wayne altered the Limited Partnership Agreement which allegedly served as the basis for the appellants' execution of the promissory notes. The appellants also contend that the $125,000 note was not delivered to Wayne according to their instructions, and that the appellants, therefore, are not obligated to make payments on that note. To understand the defenses raised by the appellants, it is necessary to recite the facts surrounding execution of the two notes.

During 1976, Iven C. Berg personally contacted Wayne at his farm near Rolla and requested Wayne to invest in a gold mining operation in Utah known as Delta Mines, Ltd. Wayne ultimately agreed to contribute money to the Delta Mines, Ltd. venture provided that the appellants would guarantee repayment of Wayne's contribution.

A Limited Partnership Agreement was executed by the various persons involved in the venture including the parties to this lawsuit. The agreement provides that Wayne would make a first contribution of $25,000 and a second contribution of $125,000. Regarding the $125,000 contribution, the agreement provides:

> "Second Contribution: $125,000 (to be paid when adequate tests are completed satisfactory to Robert J. Wayne. Decision to· be made and funds to be paid within two weeks after completion and sale of product of first 20 ton test, or if unsuccessful then after completion of subsequent 20 ton tests to be made at the discretion of the General Partner.)"

The Limited Partnership Agreement also provides that the appellants were to make a contribution of "$25,000 plus $125,000 in form of guarantees to Robert J. Wayne."

The appellants executed a $25,000 note and a $125,000 note. The $125,000 note was placed in escrow with an accountant, Virgil C. Luyben, with instructions to deliver the note to Wayne "upon his tender of a check or other payment in the amount of $125,000.00 payable to Delta Mines, Ltd." Although no tests were conducted on gold ore from the mine, Wayne contributed $150,000 to Delta Mines, Ltd., and both notes were delivered to Wayne.

The appellants assert that Wayne became a creditor of Delta Mines, Ltd., on making contributions thereto and that the appellants, upon executing the two promissory notes, became liable to Wayne only as guarantors for the debt of Delta Mines, Ltd. The trial court disagreed with the appellants' foregoing assertions of fact. The trial court determined that Wayne, in essence, "became the banker of the venture" whereby Wayne loaned the appellants $150,000 which was paid directly to Delta Mines, Ltd., in return for the two promissory notes executed by the appellants. There is substantial evidence in the record to support the foregoing finding of fact by the trial court. We conclude that such finding is not clearly erroneous and, therefore, it will not be set aside by this court on appeal. Rule 52(a), North Dakota Rules of Civil Procedure. Accordingly, the appellants are liable on the two promissory notes as makers and not as guarantors.

■ The appellants also assert that Wayne should not have made the $125,000 contribution to Delta Mines, Ltd., prior to completion of tests on 20 tons of gold ore from the mine and that such testing was a condition precedent to delivery of the $125,000 note to Wayne. The appellants contend that as a result of the improper delivery of the note they are not obligated to make payment to Wayne on the note.

The $125,000 note was placed in escrow with Luyben with the following delivery instructions:

> "*INSTRUCTIONS TO VIRGIL C. LUYBEN:* I hereby request and consent that a note signed by me in blank and held by you for completion and delivery to Robert J. Wayne shall be completed in the manner shown above and delivered to said Robert J. Wayne upon his tender of a check or other payment in the amount of $125,000.00 payable to Delta Mines, Ltd., provided that a written consent identical to this one is received by you from the other two signatories to this note."

No other conditions or qualifications are contained in the delivery instructions.

In addition to executing the promissory notes the appellants signed a document on November 10, 1976, entitled "Guarantee of Payment of Promissory Notes", which provides as follows:

### "GUARANTEE OF PAYMENT OF PROMISSORY NOTES"

"The undersigned agree that notwithstanding the provisions of the Limited Partnership Agreement of Delta Mines, which involves the ownership and operation of certain mining claims in Utah, and that notwithstanding the provisions of paragraph 22(C) or any other paragraph thereof, and that notwithstanding the provisions of any other agreements or contracts heretofore or hereafter made, or any possible interpretations thereof, the undersigned are in all events personally obligated to make cash payment of any and all promissory notes which they execute to Robert J. Wayne, and hereby guarantee cash payment thereof."

As between the maker and payee of a promissory note, the terms of such note must be construed together with any other written agreement executed as a part of the same transaction. § 41–03–19, N.D.C.C. [3–119, U.C.C.]; *Sanden v. Hanson*, 201 N.W.2d 404 (N.D.1972). We are of the opinion that the "Guarantee of Payment of Promissory Notes" was executed as a part of the same transaction as the $125,000 promissory note. Both documents were executed by the appellants within a five-day period and both documents were executed as part of a plan for financing the gold mining venture. Also, the "Guarantee of Payment of Promissory Notes" expressly relates to the appellants' obligations on promissory notes executed by them to Wayne. Thus, we construe together the terms of the $125,000 note, as between Wayne and the appellants, with the "Guarantee of Payment of Promissory Notes".

The "Guarantee of Payment of Promissory Notes" unambiguously states that no provisions of the Limited Partnership Agreement or any other agreement are to affect the appellants' obligations to Wayne on any promissory notes executed by them. We conclude, therefore, that the testing of gold ore as provided in the Limited Partnership Agreement was not a condition precedent to the appellants' liability on the $125,000 note.

The appellants have failed to present a valid defense as to their obligations on the promissory notes. Accordingly, the judgment of the trial court is affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.